United States District Court

For the Northern District of California

1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 RONALD MARCELLE,                                    No.  C 05-00191 MJJ

11          Plaintiff,

12   v.                                               **ORDER DENYING PLAINTIFF'S
                                                      MOTION FOR ORDER ENLARGING
13                                                    TIME**

14 NORTEL NETWORKS, INC, ET AL.,

15          Defendants.
                                            /

16

17                           **INTRODUCTION**

18       Before the Court is Ronald Marcelle's ("Plaintiff") motion to enlarge the time allotted to file

19 his demand for a jury trial under Federal Rule of Civil Procedure 6(b)(2).  For the following reasons,

20 Plaintiff's Motion for an Order Enlarging Time is **DENIED.**

21                        **FACTUAL BACKGROUND** [1]

22       This case was initially brought in Marin County Superior Court by Plaintiff, asserting claims

23 for breach of contract, fraud, constructive wrongful discharge, and related actions.  The state court

24 complaint did not include a jury trial request.  The last answer closing the pleading was filed on

25 April 4, 2004.  Defendant Nortel Networks, Inc. ("Defendant"), Plaintiff's former employer,

26 removed the action to this Court on January 12, 2005.  On May 3, 2005, during the parties' initial

27 case management conference, Plaintiff's counsel first became cognizant of the need to demand a

28 jury trial under the Federal Rules of Civil Procedure, which he had inadvertently overlooked.  When

_____

[1] From pages 2-3 of the Memorandum of Points and Authorities in Support of Plaintiff's Motion.

1    Defendant's counsel declined Plaintiff's counsel's request for a jury trial, this motion was filed on

2    May 17, 2005.[2]

3                                    **LEGAL STANDARD**

4           A demand for a jury trial is waived if not made within the strictures of the Federal Rules of

5    Civil Procedure.  FED. R. CIV. P.  38(d).  Rule 81 addresses the required timing of any jury trial

6    demand in a removed action.

7           If all necessary pleadings have been served at the time of removal, a non-petitioning party

8    entitled to a jury trial under Rule 38 must serve his demand within ten days after being served the

9    petition for removal.  FED. R. CIV. P. 81(c).  A party who properly demanded a jury trial in state

10   court need not make another demand after removal.  *Id*.  If state law does not require the parties to

11   make express demands in order to claim trial by jury, they need not make demands after removal

12   unless directed to.  The failure of a party to make a demand constitutes a waiver by that party of a

13   jury trial.  *Id*.  It is not disputed that Plaintiff missed the ten-day cutoff under Rule  81(c) which

14   ended on January 27, 2005.

15          The Ninth Circuit has repeatedly found that the time strictures of Rule 38 control the timing

16   of a jury trial demand in a removed action.  *See Blau v. Del Monte*, 748 F.2d 1348, 1357 (9th Cir.

17   1985).  In so doing, it repudiated the argument that California lacks an "express demand"

18   requirement.  *Lewis v. Time*, 710 F.2d 549, 556 (9th Cir. 1983).  Consequently, Rule 38(d) applies

19   absent a recognized exception.

20                                      **ANALYSIS**

21          Plaintiff initially argues that Defendant's counsel failed to adhere to the Court's local rules

22   when drafting and filing its opposition to his Motion, and therefore the Court should strike

23   Defendant's Opposition to the Motion.  Alternatively, Plaintiff argues his failure to meet the

24   deadline is excusable, and he consequently should be granted an enlargement in the time allotted by

25   Federal Rule of Civil Procedure 38 and 81 to request a jury trial pursuant to Rule 6(b)(2).

26   ///

27   _____

28        [2]  Although Plaintiff initially filed a Motion For Order of Trial By Jury As To All Issues under
     Federal Rule of Civil Procedure 39(b), he withdrew this motion on June 14, 2005.  Therefore, Plaintiff
     only seeks an Order Enlarging Time For Plaintiff To File Demand For Jury Trial under Rule 6(b).

*United States District Court*
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    **A.  California Court Local Rule 6-3**

2    In his Reply to the Opposition, Plaintiff moves to strike Defendant's Opposition to his

3    motion on the grounds that Defendant violated Cal. Ct. Local R. 6-3(c) by exceeding the maximum

4    page limit, filing it late, and failing to include the required declaration.  Cal. Ct. Local R. 6-3(c)

5    addresses the procedural requirements for motions requesting enlargement of a filing deadline.  It

6    requires the party opposing the motion to file an opposition "not to exceed five pages, accompanied

7    by a declaration setting forth the basis for opposition, no later than the third court day after receiving

8    the motion."  Cal. Ct. Local R. 6-3(c).

9    Here, the section of the opposition addressing the Rule 6(b) motion is only four pages, so

10    therefore Plaintiff is not in violation of the page limit set by Cal. Ct. Local R. 6-3(c).  However,

11    Defendant failed to attach a declaration setting forth the basis for his opposition.  Defendant also

12    violated the three-day deadline by filing the Opposition on June 7, 2005, nearly three weeks after

13    Plaintiff filed the motion on May 17, 2005.

14    While a court's local rules can be binding in some instances, courts generally have broad

15    discretion in determining when they must apply.  *Lance, Inc. v. Dewco Serv., Inc.*, 422 F.2d 778,

16    783-84 (9th Cir. 1970).  The Court must determine if non-compliance with a local rule unjustly

17    prejudiced the opposing party.  *U.S. v. Simmons*, 476 F.2d 33, 35 (9th Cir. 1973).  Only when a

18    "departure from local rules . . . affects 'substantial rights'" does it require reversal.  *Prof'l Programs*

19    *Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).

20    Here, Defendant's failure to include the separate declaration did not impact Plaintiff's

21    substantive rights.  Although Defendant failed to follow this procedural requirement, Plaintiff

22    received Defendant's substantive arguments in the four-page Opposition.  Consequently,

23    Defendant's failure to include a summary of these arguments in a separate declaration, although

24    deviating from requirements set forth in Cal. Ct. Local R. 6-3(c), did not affect Plaintiff's

25    substantive rights because he received the required information.

26    Furthermore, there is no indication that Defendant's non-compliance with the three-day limit

27    for filing his Opposition prejudiced Plaintiff in any way.  Although the delay in filing the Opposition

28    was substantial, Plaintiff argues that the delay itself is grounds for the Court to strike the Opposition.

3

1   However, as mentioned, the Ninth Circuit emphasizes that Plaintiff must demonstrate that prejudice

2   resulted from the failure to comply.  *Id.*  Therefore, because no prejudice appeared to result from

3   Defendant's delayed filing of its Opposition, the Court will not strike its Opposition due to

4   Defendant's failure to comply with Cal. Ct. Local R. 6-3(c).

5   **B.   Federal Rule of Civil Procedure 6(b)(2)**

6          Plaintiff requests the Court to exercise its discretion under Rule 6(b)(2) to enlarge the time

7   period in which he could successfully motion for a jury trial.  Rule 6(b)(2) allows the Court to

8   enlarge the time allotted to complete certain procedures, including requesting a jury trial under Rule

9   38, in cases where counsel engages in "excusable neglect" of the proper deadline.  The appropriate

10  test for determining whether an action constitutes "excusable neglect" under Rule 6(b) is the

11  equitable test set forth in *Pioneer Inv. Servs. v. Brunswick*, 507 U.S. 380, 395 (1993).  The *Pioneer*

12  test emphasizes promoting equity when allowing enlargement, and its factors include: 1) the danger

13  of prejudice to the non-moving party; 2) the length of delay and its potential impact on proceedings;

14  3) the reason for the delay, including whether it was within reasonable control of the movant; and 4)

15  whether the moving party's conduct was in good faith.[3]  *Pioneer,* 507 U.S. at 395.

16         However, the four-part *Pioneer* test has not been utilized by the Ninth Circuit to determine

17  whether neglect is excusable when counsel commits a mistake of law involving an unambiguous

18  federal rule.  *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994).  In *Kyle*, the Ninth

19  Circuit considered whether an attorney's mistake in adding three days for service by mail, under

20  Rule 6(e), to the time allotted for a motion from "entry of final judgment" can amount to excusable

21  neglect for purposes of allowing an enlargement.  *Id.* at 929.  The *Kyle* court chose to narrowly

22  interpret *Pioneer*, finding that the test could only be applied when a party's failure to comply with a

23  deadline resulted from a "dramatic ambiguity" in a federal rule.  *Id* at 931-32.[4]

24

25         [3] Defendant fails to address the *Pioneer* opinion, and instead focuses its argument on *Rutledge
v. Electric Hose & Rubber Co.*, 511 F.2d 668 (9th Cir. 1975), which was decided prior to *Pioneer*.

26  However, as the Ninth Circuit has held that *Pioneer* is the "leading authority on the modern concept of
excusable neglect," the Court should look to cases utilizing and interpreting *Pioneer* when assessing

27  whether neglect is "excusable" as defined by Rule 6(b). *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir.
2004).  Therefore, Defendant's reliance on *Rutledge* is misplaced.

28
           [4] Plaintiff presents no argument suggesting his mistake resulted from any ambiguity in Rule 81.

4

1    In *The Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F. 3d 814, 824 (9th Cir. 1996), the

2    district court denied counsel's motion under Rule 6(b) to order enlargement on the grounds that

3    counsel's unfamiliarity with the Federal Rules caused him to miss a deadline for the filing of a

4    motion for attorney's fees.  The Ninth Circuit held that under *Kyle,* the district court properly did not

5    apply the *Pioneer* test because a mistake of law is never excusable neglect as defined by Rule 6(b).

6    *Id.* at 825.  The *Idaho* court consequently upheld the decision of the district court denying the

7    motion. *Id.*

8    The present case is controlled by *Kyle* and *Idaho*.[5]  Although the Ninth Circuit has not

9    addressed enlargement of time allotted to demand a jury trial specifically, the broad sweeping

10   language of *Idaho* is applicable to the present case.  As in *Idaho,* Plaintiff is seeking enlargement of

11   a deadline under Rule 6(b) by claiming excusable neglect.  However, as in *Idaho*, Plaintiff's counsel

12   has no reason for his neglect beyond mere inadvertence and unfamiliarity with the Federal Rules.

13   Consequently, because a mistake of law cannot generally be considered excusable neglect as defined

14   in Rule 6(b), the Court **DENIES** Plaintiff's motion.

**CONCLUSION**

16   For the foregoing reasons, the Court **DENIES** Plaintiff's motion.

18   **IT IS SO ORDERED.**

20   Dated: June _24___, 2005                    /s/ _____
21                                               MARTIN J. JENKINS
                                                 UNITED STATES DISTRICT JUDGE

---

25   [5]  Since there is no Ninth Circuit precedent regarding the enlargement of a jury trial deadline,
     Plaintiff cites to *Raymond v. IBM Corp.*, 148 F.3d 63, 66 (2d Cir. 1998), where the Second Circuit
26   utilized the *Pioneer* test to conclude that inadvertently missing the jury trial deadline could constitute
     "excusable neglect" under Rule 6(b)(2).  However, the *Raymond* court emphasized that inadvertence
27   "usually [does] not constitute excusable neglect," but found the neglect to be excusable in that case
     because the memorandums filed with the court and the court's own summary judgment opinion
     demonstrated that all parties assumed that the case would ultimately be tried by a jury.  Here, there is
28   no such indication.  In any event, to the extent that *Raymond* is inconsistent with *Kyle* and *Idaho*, the
     Court must follow valid Ninth Circuit precedent.